Jasvir KAUR, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1254–ag.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Jasvir Kaur, pro se, Jamaica, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma; Tom Majors, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jasvir Kaur, a native and citizen of India, seeks review of a March 7, 2006 order of the BIA denying her second motion to reopen proceedings. *In re Jasvir Kaur*, No. A 77 424 713 (B.I.A. March 7, 2006). Kaur submitted her first motion to reopen in November 2002, which the BIA denied on January 27, 2003. *In re Jasvir Kaur*, No. A 77 424 713 (B.I.A. Jan. 27, 2003). The BIA had previously issued a decision on October 4, 2002 affirming an October 19, 1999 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Kaur's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jasvir Kaur*, No. A 77 424 713 (B.I.A. Oct. 4, 2002), *aff'g* No. A 77 424 713 (Immig. Ct. N.Y. City Oct. 19, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's deci-

sion for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Kaur's motion to reopen proceedings based on her failure to abide by the numerical limitations. The regulations permit only one motion to reopen removal proceedings, and the instant motion was the second motion to reopen filed by Kaur, exceeding the numerical bar. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Kaur is not eligible for an exception to the numerical limitation requirement, *see* 8 C.F.R. § 1003.2(c)(3)(ii), because she failed to submit any documentation to evidence a change in country conditions in India. Thus, the BIA properly denied Kaur's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).